UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANNE MARIE DANDREA,

    Plaintiff,

v.                                                          Case No:   6:17-cv-1614-Orl-41TBS

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## ORDER[1]

Pending before the Court is Plaintiff's Uncontested Motion for Attorney's Fees, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d) (Doc. 21). Plaintiff requests an award of fees **in the amount of $2,577.81.** The motion includes a schedule of the Plaintiff's attorney's billable hours to support the application (Id. at 9-10). Defendant has no objection to the requested relief (Id. at 2).

Plaintiff asserts that she is the prevailing party, that the Commissioner's position in the underlying action was not substantially justified, and that her net worth at the time this case was filed was less than two million dollars[2] (Id. at 1-2, 4-6).

On May 16, 2018, I entered a report and recommendation that the Commissioner's administrative decision be reversed and this case be remanded for further proceedings

---

[1] On August 7, 2018, both parties consented to the magistrate judge's exercise of jurisdiction over the instant motion (Doc. 22).

[2] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

pursuant to 42 U.S.C. § 405(g) (Doc. 18). The district judge adopted my report and recommendation in its entirety on July 10, 2018 (Doc. 19). The Clerk of Court entered judgment the next day (Doc. 20). Plaintiff timely filed her application for attorney's fees on August 7, 2018 (Doc. 21).

Plaintiff has attached a copy of her assignment of EAJA fees to her counsel (Doc. 21-1). In light of the assignment, Plaintiff requests (and Defendant agrees) that payment should be made payable to Plaintiff and delivered to her counsel unless she owes a federal debt. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to her counsel. With respect to the request for the government to accept the tendered assignment and pay any EAJA award directly to counsel, any agreement between the parties as to payment of the judgment is outside the purview of the judgment, and the parties may make whatever collection arrangements that they wish. For present purposes, the Court declines to order the government to reimburse counsel directly. See Astrue v. Ratliff, 560 U.S.586, 130 S. Ct. 2521, 177 L.Ed. 2d 91 (2010) (EAJA attorney fees are awarded to the prevailing party, not to the prevailing party's attorney).

Now, pursuant to the provisions of the EAJA, Plaintiff's motion for attorney's fees (Doc. 21) is **GRANTED**. Plaintiff is awarded attorney's fees **in the amount of $2,577.81**

**DONE** and **ORDERED** in Orlando, Florida on August 8, 2018.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record